IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| EVAN MIHOCIK,<br>On behalf of himself and all similarly situated individuals,<br><br>   Plaintiffs,<br><br>v.<br><br>OPTIONS HOME SERVICES, LLC,<br><br>   Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO.: _____<br><br><br>JUDGE: _____<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT<br><br>**JURY DEMANDED** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Evan Mihocik ("Plaintiff"), on behalf of himself and all current and former non-exempt employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Options Home Services, LLC ("Defendant Options" or "Defendant") at any time from approximately February 8, 2021, through the final disposition of this matter, to recover compensation, liquidated damages, treble damages, and attorneys' fees and costs pursuant to the provisions of Sections 203, 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b). Plaintiff and the Putative Class Members seek all available relief under the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et seq., ("the Ohio Wage Act"), and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts").

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his additional state-law claims are asserted as a collective action under O.R.C. § 4111.14(K). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

**I. INTRODUCTION**

1. Plaintiff and the Putative Class Members seek to recover unpaid wages and unpaid overtime wages that Defendant owes to them and has failed to pay, in violation of 29 U.S.C. § 207 of the FLSA and the Ohio Acts.

2. Accordingly, Plaintiff brings this action, on behalf of himself and all current and former non-exempt employees who worked for Defendant at any time from approximately February 8, 2021, through the final disposition of this matter, to recover unpaid overtime wages and related damages.

3. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

4. Plaintiff also prays that the Collective Action is certified pursuant to Section 216(b) of the FLSA and Section 4111.14(k) of the Ohio Wage Act and the Ohio Constitution.

**II. JURISDICTION AND VENUE**

5. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

6. This Court has supplemental jurisdiction over Plaintiff's and the Putative Class Members' Ohio Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiff's and the Putative Class Members' claims under the FLSA that they form part of the same controversy.

7. Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the unlawful conduct described herein occurred within Franklin County, Ohio, and Defendant's place of business resides in this district.

**III. THE PARTIES**

8. Plaintiff Evan Mihocik is an adult resident of Columbus, Ohio residing at 1631 Roxbury Road, Apartment B12, Columbus, Ohio 43212 (Franklin County) and a former Caregiver and Pro Re Nata (PRN) Nurse while employed by Defendant. Plaintiff Evan Mihocik has given his written consent to bring this action to collect unpaid wages under the FLSA and the Ohio Wage Acts. Plaintiff Evan Mihocik's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit 1**.

9. The Putative Class Members are those current and former employees employed by Defendant as Caregivers and/or Pro Re Nata (PRN) Nurses at any time from approximately February 8, 2021, through the final disposition of this matter and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

10. Defendant Options Home Services, LLC ("Defendant Options" or "Defendant") is a domestic for-profit limited liability company registered in the State of Ohio and is currently doing business at 786 Northwest Boulevard, Columbus, Ohio 43212 (Franklin County). Process may be served upon its registered agent, Matthew W. Gibson at 716 Mt. Airyshire Boulevard, Suite 100, Columbus, Ohio 43235.

**IV. STATEMENT OF FACTS**

11. During all times material to this complaint, Defendant acted directly or indirectly, in the interest of an employer with respect to the Plaintiff and the Putative Class Members.

12. During all times material to this complaint, Defendant was an "employer" within the meaning of the FLSA, the Ohio Constitution and the Ohio Acts.

13. During all times material to this complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce

or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

14. During all times material to this complaint, Plaintiff and the Putative Class Members have been Defendant's employees pursuant the Ohio Constitution and the Ohio Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

15. On approximately February 8, 2021, Defendant hired the Plaintiff to work as a traveling Caregiver and PRN Nurse at and within a thirty-five (35) mile radius of its facility located at 786 Northwest Boulevard, Columbus, Ohio 43212.

16. Per its own website, Defendant is a non-medical home care provider in Columbus, Ohio, that provides private duty caregiving services to families living in the central Ohio area. Defendant was founded by two (2) licensed nursing home administrators who desired to assist elderly individuals who required care in their respective homes.[1]

17. Indeed, it is Defendant—and not Defendant's clients—that employs Plaintiff and the Putative Class Members to provide private duty caregiving services to families living in the central Ohio area. As both Caregivers and PRNs for Defendant, Plaintiff's and the Putative Class Members' primary job duties were to (1) communicate with their supervisors (frequently and in advance) during every instance wherein such communication was expected; (2) maintain effective and positive relationships with coworkers, clients, referral sources, and facility personnel; (3) demonstrate high levels of flexibility and accountability in relation to scheduled commitments; (4) assist clients with cooking/meal preparation, light housekeeping, medication reminders, feeding,

---

[1] *See* https://www.optionshomeservices.com/our-commitment/, last visited on August 7, 2021.

-- 4 --

bathing, dressing/undressing, companionship, grooming, personal hygiene care, ambulation, and transfers.

18. Defendant employed Plaintiff and the Putative Class Members to work at varying times, per whatever shift they decided to pick up and/or were assigned, throughout the workday.

19. Additionally, Defendant required Plaintiff and the Putative Class Members to have access to reliable transportation as Plaintiff and the Putative Class Members were required to travel to client homes, including traveling from one client's house to another in the same workday, via their own mode of transportation, to provide direct care.

20. Plaintiff and the Putative Class Members shifts were regularly scheduled at varying times throughout the day depending on the needs of any of Defendant's various clients.

21. Upon being hired, Plaintiff and the Putative Class Members were each required to pay, through payroll deduction from their first check, seventy-five dollars ($75.00) to participate in Defendant's mandatory orientation.

22. Plaintiff and the Putative Class Members were told by Defendant that after their initial ninety (90) days of work, Plaintiff and the Putative Class Members would each be reimbursed their seventy-five dollars ($75.00) which they had paid upon their hire to participate in Defendant's mandatory orientation plus an additional twenty-five dollars ($25.00).

23. Orientation consisted of two (2) four- (4) hour sessions over the course of two (2) workdays for a total of (8) hours.

24. However, neither Plaintiff nor any of the Putative Class Members were reimbursed for the compensable time they spent training and learning in Defendant's mandatory orientation sessions.

25. Further, Plaintiff and many of the Putative Class Members experienced difficulty in attempting to retrieve the seventy-five dollars ($75.00) back from Defendant after their first ninety (90) days of work had been completed. To date, and upon information and belief, Plaintiff

-- 5 --

and many of the Putative Class Members still have yet to receive their duly owed $75.00 back from Defendant, which Defendant had promised to return after Plaintiff and the Putative Class Members had completed 90 days of work.

26. Under the conditions of Plaintiff's and the Putative Class Members' employment relationship with Defendant, the services rendered by Plaintiff and the Putative Class Members were and are an integral part of the Defendant's business; the relationship between Plaintiff and the Putative Class Members was and is permanent in that Plaintiff and the Putative Class Members were and are expected to sign an employment contract (the Caregiver Agreement) evidencing the expected job duties of their respective roles and their commitment to abide by those expectations circumstance to said roles; Defendant maintained and still maintains control of Plaintiff's and the Putative Class Members' pay and schedule; Plaintiff's and the Putative Class Members' opportunities for profit and loss were and are solely within the control of Defendant when performing integral and indispensable tasks for Defendant's benefit; and Plaintiff's and the Putative Class Members' job duties and performance when working for Defendant required and still requires little to no amount of initiative, judgment, or foresight in open market competition with others required for Plaintiff's and the Putative Class Members' success.

27. Plaintiff and the Putative Class Members often work over forty (40) hours within any given workweek.

28. At no time during Plaintiff's and the Putative Class Members' time spent working for Defendant were Plaintiff and the Putative Class Members compensated at one-and-one-half times their regular rate of pay for all hours worked over forty (40) in a workweek.

29. Instead, for all hours worked over forty (40) in a workweek by Plaintiff and the Putative Class Members, Defendant only compensated Plaintiff and the Putative Class Members at their regular rate of pay rather than the statutorily mandated rate of one-and-one half times their regular rate of pay.

30. Indeed, upon information and belief, Plaintiff and the Putative Class Members were expected to track their time spent worked using an App ("the App") utilized by Defendant for the purpose of tracking time spent working by Plaintiff and the Putative Class Members.

31. Upon information and belief, almost each time Plaintiff and the Putative Class Members arrived at their first client's home and/or stayed beyond their scheduled shift at a respective client's home performing integral and indispensable tasks necessary for the primary performance of their job duties (an activity listed as an "essential job function" within Defendant's Caregiver Agreement), Defendant would access the App and manually adjust Plaintiff's and the Putative Class Members' time worked back to the normal hours they were scheduled to work so that Plaintiff and the Putative Class Members would not be compensated for the time spent performing integral and indispensable tasks necessary for the primary performance of their job duties beyond their scheduled shifts, tasks which were encouraged by Defendant.

32. As a direct result of this manipulation of Plaintiff's and the Putative Class Members' time records by Defendant, Plaintiff and the Putative Class Members were not compensated for duly owed overtime hours spent working and, often, Plaintiff's and the Putative Class Members' regular rate would fall below the federal and state mandated minimum wage rate.

33. Further, Defendant would not compensate Plaintiff and the Putative Class Members for the significant amount of time spent traveling between clients' homes, a task integral and indispensable to the performance of Plaintiff's and the Putative Class Members' primary job duties and, additionally, a task listed as a "Travel Requirement" within Defendant's Caregiver Agreement.

34. Additionally, Defendant would not reimburse Plaintiff and the Putative Class Members for the expenses incurred during this required travel time.

35. As a direct result of this failure to compensate the significant amount of compensable drive time Plaintiff and the Putative Class Members spent traveling from job site to

job site, Plaintiff and the Putative Class Members were not compensated for a notable amount of compensable overtime hours nor were they compensated at the federal and state statutorily mandated minimum wage rate for all hours worked.

36. As Caregivers and PRNs, Plaintiff and the Putative Class Members were hourly, non-exempt employees of Defendant.

37. Defendant, knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtimes wages with respect to the Plaintiff and the Putative Class Members in this action.

V. **CAUSES OF ACTION**

**COLLECTIVE ACTION ALLEGING FLSA VIOLATIONS**

A. **FLSA COVERAGE**

38. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

39. The FLSA Collective is defined as:

**All Caregivers and/or Pro Re Nata (PRN) Nurses who have been employed by Options Homes Services, LLC, at any time from February 8, 2021, through the final disposition of this matter ("FLSA Collective" or "FLSA Collective Members").**

40. Plaintiff reserves the right to amend and refine the definition of the class he seeks to represent based upon further investigation and discovery.

41. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 203(r) of the FLSA, 29 U.S.C. § 203(r).

42. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working

on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

43. During the respective periods of Plaintiff's and the FLSA Collective Members' employment by Defendant, these individuals have provided services for Defendant that involved interstate commerce for purposes of the FLSA.

44. In performing the operations hereinabove described Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

45. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Defendant who assisted clients, wherever they were from. 29 U.S.C. § 203(j).

46. Indeed, Plaintiff and the FLSA Collective Members are (or were) employed solely by Defendant—and not Defendant's clients—when providing private duty caregiving services to families living in the central Ohio area. 29 C.F.R. § 552.109(a).

47. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

48. The proposed class of similarly situated employees, i.e., putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 39.

49. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

50. Collective action treatment of Plaintiff's and the FLSA Collective Members' claims is appropriate because Plaintiff and the FLSA Collective Members have been subjected to the

common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of the statutory overtime wages and statutory minimum wages.

51. Further, Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and the Putative FLSA Collective Members, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

52. The Plaintiff and the FLSA Collective Members have been similarly affected by the violations of Defendant in workweeks during the relevant time period, which amount to a single decision, policy, or plan to avoid paying all earned minimum wages.

53. Plaintiff is similarly situated to the FLSA Collective Members and will prosecute this action vigorously on their behalf.

54. Plaintiff intends to send notice to all the FLSA Collective Members pursuant to Section 216 (b) of the FLSA. The names and addresses of the FLSA Collective Members are available from Defendant's records.

## CLASS ACTION ALLEGATIONS

55. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

56. Plaintiff brings his Ohio Acts claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of:

> **All Caregivers and/or Pro Re Nata (PRN) Nurses who have been employed by Options Homes Services, LLC, at any time from February 8, 2021, through the final disposition of this matter. ("FLSA Collective" or "FLSA Collective Members").**

57. Class action treatment of Plaintiff's Ohio Acts claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure's 23 class action requisites are satisfied.

58. The Ohio Acts Class (hereinafter "Ohio Acts Class Members" or "Ohio Acts Class"), upon information and belief, includes over 90 individuals, all of whom are readily ascertainable based on Defendant's standard payroll records and are so numerous that joinder of all class members is impracticable.

59. Plaintiff is a member of the Ohio Acts Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

60. Plaintiff and Plaintiff's counsel will fairly and adequately represent the class members and their interests.

61. Questions of law and fact are common to all class members, because, *inter alia*, this action concerns Defendant's companywide pay policies. The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

62. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**COUNT I**
**FAIR LABOR STANDARDS ACT ("FLSA")**
**FAILURE TO PAY OVERTIME WAGES**

63. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

64. During the time period from approximately February 8, 2021, to the present, Defendant was and is the employer of the Plaintiff and FLSA Collective Members within the meaning of 29 U.S.C. § 203(d).

65. During the time period from approximately February 8, 2021, to the present, Plaintiff and the FLSA Collective Members were employed by Defendant within the meaning of 29 U.S.C. § 203(e)(1).

66. During the time period from approximately February 8, 2021, to the present, Defendant employed Plaintiff and the FLSA Collective Members within the meaning of 29 U.S.C. § 203(g).

67. During the time period from approximately February 8, 2021, to the present, Defendant was an employer subject to the FLSA.

68. During all times material to this Complaint, Plaintiff and the FLSA Collective Members have not been exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

69. Defendant, as described above, violated the FLSA, 29 U.S.C. § 207, by failing to pay Plaintiff and the FLSA Collective Members at the appropriate overtime rate for all hours worked in excess of forty (40) per workweek.

70. Plaintiff and the FLSA Collective Members should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years from the filing date of the Complaint.

71. At all times material to this Complaint, Defendant employed Plaintiff and the FLSA Collective Members to work as Caregivers and/or PRNs in furtherance of its business of providing provides private duty caregiving services to families living in the central Ohio area.

72. At all times material to this Complaint, Defendant regularly employed Plaintiff and the FLSA Collective Members to work more than forty (40) hours in a workweek.

73. At all times material to this Complaint, Plaintiff and the FLSA Collective Members did not receive one and one-half times their regular rate for any hours they worked more than forty (40) in a workweek as compensation at an hourly rate for all hours worked.

74. At all times material to this Complaint, Defendant violated the FLSA by repeatedly failing to pay Plaintiff and the FLSA Collective Members the legally mandated overtime premium rate at no less than one and one-half Plaintiff's and the FLSA Collective Members' regular pay rate for all hours worked in excess of forty (40) in a workweek.

75. Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiff and the FLSA Collective Members are entitled.

76. Defendant willfully violated and continues to willfully violate the FLSA, by having engaged and continuing to engage in conduct, which demonstrates a willful and/or reckless disregard for the provisions of the FLSA.

## COUNT II
## FAIR LABOR STANDARDS ACT ("FLSA")
## FAILURE TO PAY MINIMUM WAGE

77. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

78. During the time period from approximately February 8, 2021, to the present, Defendant was and is the employer of the Plaintiff and FLSA Collective Members within the meaning of 29 U.S.C. § 203(d).

79. During the time period from approximately February 8, 2021, to the present, Plaintiff and the FLSA Collective Members were employed by Defendant within the meaning of 29 U.S.C. § 203(e)(1).

80. During the time period from approximately February 8, 2021, to the present, Defendant employed Plaintiff and the FLSA Collective Members within the meaning of 29 U.S.C. § 203(g).

81. During the time period from approximately February 8, 2021, to the present, Defendant was an employer subject to the FLSA.

82. At all times relevant to this complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

83. Plaintiff and the FLSA Collective Members were not employed by Defendant in a job classification and did not perform job duties which were consistent with a bona fide executive, administrative, professional, outside sales or computer employee exempt from the mandate under the FLSA to pay at least the minimum wage and/or overtime.

84. At all times relevant to this Complaint, Defendant failed to pay Plaintiff and the FLSA Collective Members the minimum wage for all hours worked in violation of the FLSA, 29 U.S.C. §§ 206(a) & 207(a).

85. Because Defendant's failure to pay such wages was willful pursuant to 29 U.S.C. § 255(a), Plaintiff and the FLSA Collective Members are entitled to these wages dating back three (3) years.

86. Defendant had no good faith basis for failing to pay Plaintiff and the FLSA Collective Members the lawful minimum wage rates while Plaintiff and the FLSA Collective Members were employees nor was Defendant's failure based on a belief that such failure was not in violation of the FLSA. Pursuant to 29 U.S.C. § 216(b), Plaintiff and the FLSA Collective Members are therefore entitled to liquidated damages in an amount equal to the wages which they have not been paid.

**COUNT III
OHIO WAGE ACT
FAILURE TO PAY OVERTIME WAGES**

87. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

88. The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq.*; *see also* 29 U.S.C. § 206(b).

89. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

90. At all times relevant to this Complaint, Defendant was an "employer" covered by the Ohio Wage Act and thus has been required to comply with its mandates.

91. At all times relevant to this Complaint, Plaintiff and the Ohio Acts Class Members were covered "employees" of Defendant pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

92. At all times relevant to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to compensate Plaintiff and the Ohio Acts Class Members for all hours worked at the appropriate pay rate, including Defendant's repeated action of refusing to compensate Plaintiff and the Ohio Acts Class Members for all hours worked over forty (40) hours in a workweek at a rate not less than one and one-half times their regular rate.

93. Indeed, at all times relevant to this Complaint, Plaintiff and the Ohio Acts Class Members did not receive one and one-half times their regular rate for all hours they worked in excess of forty (40) in a workweek.

94. At all times relevant to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to pay Plaintiff and the Ohio Acts Class Members the legally mandated overtime

premium at a rate no less than one and one-half Plaintiff's and the Ohio Acts Class Members' regular pay rate for all hours worked in excess of forty (40) in one workweek.

95. Plaintiff and the Ohio Acts Class Members are not exempt from the wage protections of Ohio Law. During relevant times, Plaintiff and the Ohio Acts Class Members were not exempt from receiving overtime because they were not "executive," "administrative," "professional," "outside sales," or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* C.F.R. §§ 541 *et seq*.

96. In violating the Ohio Wage Act, Defendant's acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

97. Plaintiff and the Ohio Acts Class Members are entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of O.R.C. § 4111.03, by which the Plaintiff and the Putative Class Members have suffered and continue to suffer damages.

## COUNT IV
### VIOLATIONS OF ARTICLE II, SECTION 34 A OF THE OHIO CONSTITUTION AND O.R.C. 4111 FOR FAILURE TO PAY THE OHIO MINIMUM WAGE

98. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

99. Section 34a of Article II of the Ohio Constitution requires that every employer shall pay each of the employer's employees at a wage rate of not less than the wage rate specified in Section 34a.

100. At all times relevant to this Complaint in 2021, the Ohio minimum wage for non-exempt employees was $8.80 per hour.

-- 16 --

101. At all times relevant to this Complaint, Plaintiff and the Ohio Acts Class Members were not exempt from the minimum wage provisions of the Ohio Constitution or the Ohio Wage Act.

102. At all times relevant to this Complaint, Defendant was an "employer" covered by Section 34a of the Ohio Constitution and has been thus required to comply with its mandates.

103. At all times relevant to this Complaint, Plaintiff and the Ohio Acts Class Members were covered "employees" of Defendant pursuant to Section 34a of the Ohio Constitution and thus entitled to the Ohio Wage Act's protections.

104. Plaintiff and the Ohio Acts Class Members were not employed by Defendant in a job classification and did not perform job duties which were consistent with a bona fide executive, administrative, professional, outside sales or computer employee exempt from the mandate under the FLSA, the Ohio Constitution, and/or the Ohio Wage Act to pay at least the minimum wage and/or overtime.

105. Defendant violated the Ohio Constitution and the Ohio Wage Act by refusing to pay Plaintiff and the Ohio Acts Class Members the statutorily mandated minimum wage for all hours worked between February 8, 2021, to the present.

106. In violating the Ohio Constitution and/or the Ohio Wage Act, Defendant acted willfully, without a good faith basis and with reckless disregard of applicable Ohio law.

### COUNT V
### OHIO PROMPT PAY ACT-
### FAILURE TO PROMPTLY PAY WAGES

107. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

108. At all times relevant to this Complaint, Defendant was Plaintiff's and the Ohio Acts Class Members' "employer" and was required to comply with the Ohio Prompt Pay Act's provisions. *See* R.C. § 4113.15.

109. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* R.C. § 4113.15(A).

110. At all times material to this Complaint, Defendant has refused to pay Plaintiff and the Ohio Acts Class Members all owed overtime wages at one and one-half (1 ½) times their normal hourly rate and all wages at the statutorily mandate minimum wage rate, within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

111. Plaintiff and the Ohio Acts Class Members' wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

112. Defendant's violations of the OPPA have been of a willful, intentional, or bad faith nature or Defendant has otherwise exhibited a reckless disregard of the OPPA's provisions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter the following relief:

A. For an Order certifying the FLSA Collective as defined herein and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B. For an Order certifying the Ohio Class, under Ohio law, as defined herein and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative class action members;

C. Designating Plaintiff as representative for the Class and Collective and designating Plaintiff's counsel as counsel for the Class and Collective;

D. Issuing proper notice to the class at Defendant's expense;

E. Expectation and damages for all missed payments taken from or applied to Plaintiff's and the Putative Class Members' pay;

  F. An order awarding Plaintiff, the FLSA Collective Members, and the Ohio Acts Class back pay equal to the amount of all unpaid overtime pay for three (3) years preceding the filing of this complaint to the present, plus an additional equal amount in liquidated damages;

  G. An order awarding Plaintiff and the Putative Class Members back pay equal to the amount of all unpaid minimum wages and treble damages

  G. Pursuant to O.R.C. § 4111.14(J), an order awarding an amount set by the court sufficient to compensate Plaintiff and the Ohio Class Members and deter future violations by the Defendant of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that the violation continued;

  H. Awarding Plaintiff and the Ohio Class Members the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the Ohio Prompt Pay Act, § 4113.15(A);

  I. An order enjoining Defendant from retaliating, via discrimination, against Plaintiff, the FLSA Collective Members, and the Ohio Class Members for their engaging in the protected action of complaining about pay practices.

  J. An order awarding attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

  K. Any other relief to which the Plaintiff, the FLSA Collective Members, and the Ohio Class Members may be entitled.

Dated: September 15, 2021       Respectfully Submitted,

                */s/ Adam L. Slone*
                Adam L. Slone (OH Bar No. 0093440)
                **BRIAN G. MILLER CO., L.P.A.**
                250 West Old Wilson Bridge Road, Suite 270
                Worthington, Ohio 43085
                Phone: (614) 221-4035
                Fax: (614) 987-7841
                als@bgmillerlaw.com

>/s/Robert E. DeRose
> Robert E. DeRose (OH Bar No. 0055214)
> Brian R. Noethlich (OH Bar No. 0086933)
> **BARKAN MEIZLISH DEROSE**
> **WENTZ MCINERNEY PEIFER, LLP**
> 4200 Regent Street, Suite 210
> Columbus, OH 43219
> Phone: (614) 221-4221
> Facsimile: (614) 744-2300
> bderose@barkanmeizlish.com
> bnoethlich@barkanmeizlish.com
>
> *Counsel for Plaintiffs*

## JURY DEMAND

Plaintiff requests a trial by jury on all of his claims.

>/s/Robert E. DeRose
> Robert E. DeRose