# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Evan Mihocik,

    Plaintiff,

v.

Options Home Services, LLC,

    Defendant.

Case No. 2:21-cv-4604

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Evan Mihocik ("Plaintiff") and opt-in Plaintiff Eryn Mihocik (together, "Plaintiffs") wish to settle the federal wage and hour claims in this case on a collective basis. As part of the settlement, those members of the collective who opt in will release their state-law claims as well. Mot., ECF No. 35.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec.

2, 2016) (applying the same analysis to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup,* 2011 WL 2532922, at *3 (citation omitted). Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

Upon thorough review, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties, but it requires certain minor modifications for approval.

There is a bona fide dispute in this case. Primarily, Plaintiffs' claims center around non-payment for time spent attending orientation. Defendant disputes whether putative collective members were employees during orientation; as such, Defendant's position is that no time spent during orientation is compensable. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel and was reached after exchanging discovery and through mediation with an independent mediator. The settlement will avoid expensive litigation for both sides, including remaining discovery, dispositive

motions, trial, and possible appeals. Plaintiffs' likelihood of success on the merits is unclear, but Plaintiffs' high recovery weighs in favor of approval. Indeed, Defendant has already paid any possible missed wages to the members of the collective. All that remains is liquidated damages, and the settlement provides for payment of 78.81% of possible liquidated damages, which is up to $50,000 if all eligible members of the collective opt in.

Further, the payment to Plaintiffs' attorneys is reasonable. Here, the $24,000 payment to Plaintiffs' counsel is significantly less than the lodestar fee incurred to date, representing approximately only 21.4% of fees and costs expected to be accrued in this case.

Accordingly, the Court finds the substance of the proposed settlement is fair and reasonable. Nonetheless, the Court conditions approval on several changes:

1. The Parties shall revise the first paragraph of each Release in Exhibit A to strike the reference to resolution of "class claims." The phrase should read "to resolve federal and state wage and hour collective claims."

2. The Parties shall either include within Evan Mihocik's Release the paragraph required for ADEA waivers (granting twenty-one days to review and seven days after signature to revoke) or remove the release of ADEA claims.

3. Plaintiffs' counsel shall file on the docket all opt-in consent forms that are received within the notice period.

4. Paragraph 4 of the Notice of Settlement, Ex. C, describes each putative opt-in members' recovery via referral to the Settlement Agreement, but the Settlement Agreement does not indicate that counsel will mail a copy of the same with the Notice and Consent form. See Settlement Agmt. ¶ 3(b)(i). Accordingly, the Parties

shall either: (A) send individualized Notices and Consent Forms to each putative class member, containing that member's recovery amount; (B) attach Exhibit B of the Settlement Agreement to the Notice and Consent Form; or (C) include a copy of Settlement Agreement with the Notice and Consent Form.

The Parties shall consider the above conditions and notify the Court regarding their positions on accepting the same. If the Parties agree to make the above revisions, they shall file on the docket updated documents that reflect the changes along with a *brief* motion for approval that indicates the above changes—and no others—were made. The renewed motion may incorporate by reference those portions of ECF No. 35 that remain unchanged and simply renew the request for approval with the amendments.

Upon approval, the Court will hold this case open until the notice period has closed and the opt-in forms have been filed on the docket. Counsel shall notify the Court when it is appropriate to close this case.

If the Parties do not agree to the above changes, their notice shall indicate how they propose to proceed.

The Parties' joint motion, ECF No. 35, is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**